**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mickey Lynn MANNING, Defendant–**
**Appellant.**

**No. 06–50157.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Douglas F. McCormick, Esq., Ussa–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Vicki Marolt Buchanan, Esq., Newport Beach, CA, for Defendant–Appellant.

Mickey Lynn Manning, Adelanto, CA, pro se.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Mickey Lynn Manning appeals from the 63–month sentence imposed following her guilty-plea conviction for conspiracy, in violation of 18 U.S.C. § 371, and computer fraud, in violation of 18 U.S.C. § 1030(a)(5)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate remand.

Manning contends that her guilty-plea was rendered involuntary because she was not sentenced pursuant to an agreement to set her total offense level at 23. We conclude that a plain reading of the plea agreement demonstrates that there was no such agreement and that her plea was knowing and voluntary. *See United States v. Schuman,* 127 F.3d 815, 817–18 (9th Cir.1997) (per curiam); *see also United*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States v. Nguyen*, 235 F.3d 1179, 1182–83 (9th Cir.2000).

Manning also contends that there was insufficient evidence to demonstrate that she was an organizer under U.S.S.G. § 3B1.1. We conclude that the district court did not err when it determined that Manning was an organizer. *See United States v. Garcia*, 497 F.3d 964, 969–70 (9th Cir.2007).

Additionally, Manning contends that the district court procedurally erred when it failed to address the sentencing factors contained in 18 U.S.C. § 3553(a), specifically her history and characteristics. We conclude that there was no procedural error. *See United States v. Carty*, 520 F.3d 984, 995–96 (9th Cir.2008) (en banc).

Finally, Manning contends that the district court erred by delegating to the probation office the authority to apply unexpected monetary gains to her financial obligations and by imposing restrictions on the consumption of alcohol. We agree, and we remand to the district court for resentencing consistent with this decision. *See United States v. Betts*, 511 F.3d 872, 876–81 (9th Cir.2007).

**VACATED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.