**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

MARTIN GARCIA,
          *Defendant-Appellant.*

No. 05-30596

D.C. No.
CR-04-00087-RFC

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

RONALD E. SMITH,
          *Defendant-Appellant.*

No. 06-30214

D.C. No.
CR-04-00087-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted
April 10, 2007—Seattle, Washington

Filed August 10, 2007

Before: Alex Kozinski, Raymond C. Fisher and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Fisher

9681

**COUNSEL**

Wendy Holton, Helena, Montana, for defendant-appellant Martin Garcia.

Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana, for defendant-appellant Ronald Smith.

William W. Mercer, United States Attorney, Jessica T. Fehr (argued) and James E. Seykora, Assistant United States Attorneys, Billings, Montana, for plaintiff-appellee.

## OPINION

FISHER, Circuit Judge:

Martin Garcia, Ronald Smith and Robert Green were among 13 defendants charged in a 25-count indictment with participating in a conspiracy to distribute methamphetamine obtained from various sources, both inside and outside Montana, and with related firearm offenses. In this opinion, we address Garcia's challenge to his conviction and sentence, and Smith's sentencing challenge, and we affirm in part, reverse in part and remand in part. We affirm Green's conviction in a separate memorandum disposition, filed concurrently herewith.

## I. Background

Garcia and Green were tried together before a jury in August 2005. Garcia was found guilty on 18 counts. The district court rejected Garcia's motion under Federal Rule of Criminal Procedure 29 challenging the sufficiency of the evidence to support a conviction on five of those counts (Counts IV, V and VI; XXII and XXIII) under a *Pinkerton* theory of liability. *See Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946) (holding that each member of a conspiracy may be charged with reasonably foreseeable substantive offenses committed by a co-conspirator in furtherance of the conspiracy). Later, however, the district court *granted* Green's similar Rule 29 motion with respect to two of those same counts (Counts XXII and XXIII). The court reversed its earlier finding when denying Garcia's motion that the person named in these counts was still a member of the conspiracy when committing the charged offenses, and found instead that he was no longer part of the conspiracy by then.

Garcia was sentenced to a term of 1,284 months imprisonment in November 2005. The district court calculated Garcia's Guidelines-recommended sentence by departing upward

four levels under U.S.S.G. § 3B1.1(a) because it concluded Garcia was an organizer or leader of the conspiracy, and upward another two levels under U.S.S.G. § 3B1.4 because it concluded he "directed, commanded, encouraged, intimidated, counseled, trained, procured, recruited, or solicited minors" in the commission of his crime.

Smith pled guilty to Count I in December 2005. The district court sentenced him to 360 months in prison. The court concluded that the Guidelines' prohibition on a downward departure for drug addiction prevented it from considering Smith's addiction as a mitigating factor in any respect.

## II.  Analysis

### A.  Garcia's Convictions on Counts IV, V and VI

Garcia challenges his convictions on Counts IV through VI of the indictment, which charged Edwin Santiago in combination with various alleged co-conspirators (not Garcia) with possession with intent to distribute over 50 grams of a mixture containing methamphetamine in July 2003. Garcia timely moved for acquittal on these counts, arguing there was insufficient evidence that he joined the conspiracy as early as July. *See* Fed. R. Crim. P. 29(c); *United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996). We review a district court's ruling on a motion for acquittal de novo. *See United States v. Neill*, 166 F.3d 943, 948 (9th Cir. 1999). When a defendant argues there was insufficient evidence to support a conviction, we view the evidence in the light most favorable to the prosecution to determine whether "the jury reasonably could have found the defendant guilty beyond a reasonable doubt." *United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992) (internal quotation marks omitted).

**[1]** "[A] conspirator [is] criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the

conspiracy." *United States v. Long*, 301 F.3d 1095, 1103 (9th Cir. 2002) (per curiam) (citing *Pinkerton*, 328 U.S. at 645-48). The government and Garcia agree that he cannot be held responsible for crimes committed before he joined the conspiracy. *See Lothian*, 976 F.2d at 1262 (holding that "a defendant cannot be held liable for substantive offenses committed before joining or after withdrawing from a conspiracy") (citing *Levine v. United States*, 383 U.S. 265, 266 (1966) (per curiam)). We agree with Garcia that there was insufficient evidence that he entered the conspiracy to distribute methamphetamine as of July 2003.

**[2]** The government argues that circumstantial evidence, especially the testimony of one of Garcia's admitted customers for cocaine, a young woman named Gwynne Black, supports the inference that Garcia was supplying her and Edwin Santiago with methamphetamine as early as April 2003. Black testified that in March or April 2003, she and Santiago were selling cocaine supplied by Garcia. But these cocaine sales do not establish that Garcia supplied Black, Santiago or anyone else with *methamphetamine*, the specific drug charged in Counts IV through VI. Nor does Black's testimony that at the "very beginning of June" 2003, she was getting "drugs" from Garcia for her own use — and that he supplied "drugs" to his girlfriend, who then shared them with Black — prove that he was supplying them with methamphetamine. She did not specify the kind of drugs supplied, and the quantities appear to be consistent with only personal use, not amounts approaching 50 grams as charged.

**[3]** The government contends, however, that the jury could have inferred that Garcia was indeed supplying methamphetamine, and that he began doing so to Black as well as to Santiago by May 2003. There was testimony that a different supplier stopped supplying Santiago at this time and yet Santiago still had — and was selling — methamphetamine. The government links Garcia to this evidence by pointing to testimony that he negotiated to sell one pound (a "notebook") of

methamphetamine to Black and Santiago. However, Black's testimony clearly indicates that these negotiations occurred sometime during or after *August* 2003. Thus, the government's argument notwithstanding, there is no evidence directly or circumstantially establishing Garcia as the methamphetamine supplier to Black, Santiago or any of the other defendants before August 2003. Without any such evidence, we conclude that no reasonable jury "could have found the defendant guilty beyond a reasonable doubt" of conspiring to distribute over 50 grams of methamphetamine in July 2003. *Lothian*, 976 F.2d at 1261 (internal quotation marks omitted).[1]

---

[1]We are troubled that it appears the prosecutor brought charges against Garcia on Counts IV through VI — and the district court allowed those charges to go to the jury — based on the prosecutor's misstatement at trial about the extent of conspirator liability. On appeal, the government conceded that the prosecutor "persuaded the judge of an incorrect proposition of law," specifically that "under the general law of conspiracy, if you join an ongoing conspiracy, you're responsible for everything that went on before it." This proposition is correct only in the context of establishing vicarious liability for acts establishing the crime of conspiracy *itself* rather than vicarious liability for other substantive offenses committed in the course of a conspiracy. *Compare United States v. Saavedra*, 684 F.2d 1293, 1301 (9th Cir. 1982) ("Further[,] a conspirator who joins a pre-existing conspiracy is bound by all that has gone on before in the conspiracy."), *with Levine*, 383 U.S. at 266 (reversing convictions in light of government's concession that "an individual cannot be held criminally liable for *substantive offenses* committed by members of the conspiracy before that individual had joined or after he had withdrawn from the conspiracy") (emphasis added); *see also* Robert R. Arreola et al., *Federal Criminal Conspiracy*, 34 Am. Crim. L. Rev. 617, 628-29 (1997) ("*In establishing liability for the conspiracy charge*, the circuit courts generally find conspirator liability for *acts* committed by co-conspirators both prior to, as well as during the defendant's participation. However, a defendant cannot be held criminally liable for *substantive offenses* committed by others involved in the conspiracy before joining it or after ending participation in the conspiracy.") (emphasis added) (footnotes omitted).

It is thus unclear whether Garcia would have been charged with Counts IV through VI if the prosecutor had not misunderstood conspiracy liability, but in any event, we conclude that the government did not present sufficient evidence that Garcia had joined the conspiracy in July 2003, and we reverse Garcia's conviction on that basis.

*B. Garcia's Convictions on Counts XXII and XXIII*

Counts XXII and XXIII charged that a co-conspirator named Isaac Kimber on December 9, 2003 possessed 4.2 grams of methamphetamine with the intent to distribute it. Garcia timely moved for acquittal with respect to these counts, so again we review the district court's denial of his motion de novo. *See Neill*, 166 F.3d at 948; *Tisor*, 96 F.3d at 379. Garcia argues that there was insufficient evidence that Kimber, the only defendant named in these counts, was still part of the conspiracy on December 9, 2003.

[4] The district court denied Garcia's motion after the close of evidence. However, after Garcia had already been sentenced, the district court in addressing Garcia's co-defendant Green's identical Rule 29 motion then reversed Green's conviction for Counts XXII and XXIII, finding that:

> the jury had no evidence suggesting Kimber's December 9, 2003 crimes (Counts XXII & XXIII) were undertaken in furtherance of the conspiracy. . . . Santiago and Black were arrested over two months before Kimber was caught in the act [in December 2003]. There was no evidence linking the methamphetamine that Kimber possessed on December 9, 2003 to the conspiracy, and his conviction on Count XXII must be reversed. . . . [I]t was unreasonable for the jury to find that Kimber committed the crime charged in Count XXIII in furtherance of the conspiracy.

The district court specifically disclaimed its earlier reliance — when denying Garcia's motion — on "Exhibit 233, a letter Santiago sent from jail . . . which listed Isaac Kimber as a person who owed Santiago money." "In hindsight, the fact that Kimber owed Santiago money proves only that" and "does not prove that Kimber was [a] member after Santiago was arrested in October and certainly does not prove he was still

selling methamphetamine in furtherance of the conspiracy two months later." The government has not appealed the district court's reversal of Green's convictions on these grounds, so any objection to the court's finding as to him has been waived.

**[5]** In light of the district court's ruling on Green's motion, we remand Garcia's Rule 29 motion to the district court for reconsideration. "It is 'the most basic principle of jurisprudence that we must act alike in all cases of like nature.' " *Myers v. Ylst*, 897 F.2d 417, 420 (9th Cir. 1990) (quoting Henry J. Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 758 (1982) (internal quotations omitted)). We express no opinion on the merits of either of the district court's rulings regarding the sufficiency of the evidence of Kimber's continued involvement in the conspiracy.

## C.  Enhancements to Garcia's Guidelines-Recommended Sentence

In calculating Garcia's Guidelines-recommended sentence, the district court enhanced Garcia's offense four levels for his role as an organizer or leader and two levels for involving a minor in the crime. We review the district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Hernandez*, 476 F.3d 791, 802 (9th Cir. 2007). The district court's findings of fact are reviewed for clear error. *See United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). There is an intracircuit conflict regarding how we review application of the Guidelines to the facts. *Compare id.* ("This court reviews . . . the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion."), *with United States v. Williamson*, 439 F.3d 1125, 1137 n.12 (9th Cir. 2006) ("We review the interpretation and application of the Guidelines de novo."); *see also United States v. Staten*, 466 F.3d 708, 713 n.3 (9th Cir. 2006) (discussing the conflict). However, because our decision would be the same under either standard of review, we do not

need to call this case en banc to resolve the conflict. We affirm the imposition of both enhancements.

### 1. Organizer/leader (§ 3B1.1(a))

The district court enhanced Garcia's offense level four levels under U.S.S.G. § 3B1.1(a). Garcia contends that he acted solely as a supplier, not as an organizer or leader, and thus that he does not qualify for an enhancement under § 3B1.1(a); he further contends that because no evidence was presented that he qualifies for an enhancement under § 3B1.1(b), we should remand for resentencing without any enhancement encompassed by § 3B1.1. That section provides for varying levels of enhancement depending upon a defendant's control over criminal activity and the number of people involved:

> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
>
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. § 3B1.1. The application notes provide:

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of

participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.

U.S.S.G. § 3B1.1, cmt. 4.

**[6]** We have upheld upward adjustments under § 3B1.1(a) in "cases involv[ing] defendants who, the evidence showed, exercised some degree of control or organizational authority over others." *United States v. Avila*, 95 F.3d 887, 890 (9th Cir. 1996) (citing cases). Such control or authority over others is required to impose the four-level enhancement under § 3B1.1(a), for it is "precisely what distinguishes a leader or an organizer [under § 3B1.1(a)] from a manager or supervisor" under § 3B1.1(b). *Id.* at 890 n.6. A § 3B1.1(a) enhancement is not justified if there is "no evidence that [the defendant] coordinated or oversaw the procurement or distribution of drugs" or "exercised any control or organizational authority over others." *Id.* at 890-91 (noting that the defendant there "merely relayed the price of the cocaine, as set by his supplier, to the buyer"); *see also United States v. Lopez-Sandoval*, 146 F.3d 712, 717-18 (9th Cir. 1998) (reversing a § 3B1.1(a) enhancement where the defendant only relayed information about drug transactions). An enhancement under §§ 3B1.1(a) or (b) does not require control over all of the five or more participants. *See United States v. Barnes*, 993 F.2d 680, 685 (9th Cir. 1993) (holding that "[t]he fact that [the defendant] did not supervise more than one participant does not preclude the enhancement [under § 3B1.1(b)] as a matter of law"). The Eleventh Circuit has noted that "fronting" drugs may be indicative that a defendant "exercised a managerial role," although it further held that mere "evidence of fronting, *without more*, is insufficient to satisfy the management

requirement." *See United States v. Alred*, 144 F.3d 1405, 1422 & n.18 (11th Cir. 1998) (emphasis in original) (drawing a distinction between cases in which the fronting was accompanied by direct control by the creditor and those in which the creditor was paid several weeks later after merely transporting the drugs).

**[7]** Here, there is evidence that Garcia did more than relay prices, but rather set the price and quantity for the methamphetamine he supplied to Black and Santiago. There is also evidence that Garcia exercised control over at least Black by fronting her methamphetamine while threatening to harm her if she did not repay him for the drugs within three days. Black testified that she "had like signed my life off" to Garcia because "[i]f it wasn't paid, then that was my ass," and that Garcia had told her as much. Black also testified that Garcia "said that [she] was to keep track of the money and make sure that Eddie didn't . . . try to rip [her] off." This evidence supports the district court's findings that Garcia "had a high degree of participation in the planning of the offenses" and "provid[ed] instruction to others," and its conclusion that Garcia organized and exercised control over at least Black and her participation in the methamphetamine distribution. Whether applying a de novo or an abuse of discretion standard of review, we affirm the district court's decision to impose the four-level organizer/leader enhancement under § 3B1.1(a).

### 2. *Involvement of a minor (§ 3B1.4)*

**[8]** Based on Garcia's interactions with Black — who was then only 17 years old — the district court imposed a two-level enhancement to Garcia's offense level under U.S.S.G. § 3B1.4, which applies when "the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." "The evidence must show that 'the defendant acted affirmatively to involve the minor' in the

crime." *United States v. Jimenez*, 300 F.3d 1166, 1169 (9th Cir. 2002) (quoting *United States v. Parker*, 241 F.3d 1114, 1120 (9th Cir. 2001)). Section 3B1.4's application notes specify that " '[u]sed or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." U.S.S.G. § 3B1.4 cmt.1.

In *Parker*, we held that simply "acting as [a minor's] partner" in a crime or as a minor's co-conspirator does not suffice as a basis for a § 3B1.4 enhancement. *Parker*, 241 F.3d at 1120-21. We noted that the district court there found that the defendant and the minor "were *merely* co-conspirators." *Id.* (emphasis added). Our holding that the defendant did not " 'use[ ] or attempt[ ] to use' [his minor co-conspirator] under the meaning of § 3B1.4" was specifically predicated on our conclusion the "[d]efendant did not command, encourage, intimidate, counsel, train, procure, recruit, solicit, or otherwise actively involve" the minor. *Id.*

**[9]** Here, the district court stated its "belie[f] that [Garcia] directed, commanded, encouraged, intimidated, counseled, trained, procured, recruited, or solicited minors in the commission of this crime." There is sufficient evidence that Garcia engaged in conduct involving Black that at least qualifies as "training," "intimidating" or "encouraging." Black testified that Garcia advised her to "keep track" of the proceeds of the methamphetamine he fronted her and indicated that if she did not repay him, "then that was [her] ass." Black also testified that although she initially asked Garcia to front her just an ounce of methamphetamine to sell, Garcia would only agree to sell her a pound and then, as discussed above, instructed her regarding aspects of selling the pound. Unlike *Parker*, there was much more than evidence of mere partnership or co-conspirator status. We therefore affirm Garcia's sentence enhancement under § 3B1.4.[2]

---

[2]Because we affirm the enhancement on the basis of Garcia's interactions with Black, we do not address whether evidence that Garcia's minor daughter accompanied him on a trip during which he transported methamphetamine could support an enhancement under § 3B1.4.

*D.   Smith's Sentencing Challenge*

[10] Smith challenges his sentence, arguing that the district court erred by not considering drug addiction as a mitigating factor under 18 U.S.C. § 3553(a)(1), which requires the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The district court concluded that it did not have the discretion to consider Smith's alleged diminished mental capacity due to drug addiction, because voluntary drug addiction is precluded as a basis for a downward departure under the Guidelines. *See* U.S.S.G. §§ 5K2.13, 5H1.4.

[11] The district court, without the benefit of our more recent case law, adopted too narrow a view of its discretionary authority post-*Booker*. *See United States v. Booker*, 543 U.S. 220 (2005). The system of downward departures that still guides the sentencing court's determination of the Guidelines-recommended range as required under § 3553(a)(4) does not preclude the court's discretion to consider other § 3553(a) factors. As we stated in *United States v. Mohamed*, 459 F.3d 979 (9th Cir. 2006), "if a district court were to employ a post-*Booker* 'departure' improperly, the sentencing judge still would be free on remand to impose exactly the same sentence by exercising his discretion under the now-advisory guidelines." *Id.* at 987. Just because a consideration was improper under the mandatory Guidelines regime does not mean that it is necessarily improper under the advisory Guidelines regime. Other circuits have refused to foreclose sentencing courts' consideration of drug addiction entirely, although at least one circuit has expressed skepticism that addiction is a proper reason for sentencing below the Guidelines "absent extraordinary circumstances." *United States v. Hodge*, 469 F.3d 749, 757 (8th Cir. 2006) (noting the continuing relevance of § 5H1.4); *see also United States v. Matheny*, 450 F.3d 633, 641 (6th Cir. 2006) (tacitly approving the sentencing court's statement "that it considered, pursuant to § 3553(a)(1), the fact that Matheny had his drug addiction since childhood").

**[12]** We agree with our sister circuits and hold that district courts are not prohibited in all circumstances from considering a defendant's drug addiction in choosing a reasonable sentence. We express no opinion as to whether Smith's alleged drug addiction and diminished mental capacity would be an appropriate consideration in this case. Rather, because we are not certain that the district court would impose the same sentence if it had full knowledge of its discretionary authority to consider drug addiction during sentencing, we remand for the district court to consider this question in the first instance. *Cf. United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).

Accordingly, with respect to Garcia, we REVERSE and VACATE his convictions on Counts IV, V and VI of the indictment, we REMAND for resentencing in light of this reversal and we REMAND for reconsideration of his convictions on Counts XXII and XXIII. With respect to Smith, we VACATE and REMAND for resentencing in light of our holding that sentencing courts are not precluded from considering a defendant's drug addiction under all circumstances.

United States v. Garcia, No. 05-30596 is REVERSED, VACATED AND REMANDED.

United States v. Smith, No. 06-30214 is VACATED AND REMANDED.