**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Timothy R. BLOWERS, Defendant—
Appellant.**

**No. 06–10337.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2008.

Filed Feb. 25, 2008.

Mary Sue Feldmeier, Esq., George Ferko, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Walter B. Nash, III, Esq., William J. Kirchner, Esq., Law Office of Walter B. Nash III, P.C., Tucson, AZ, for Defendant–Appellant.

Before: WALLACE and SCHROEDER, Circuit Judges, and BENITEZ *, District Judge.

## MEMORANDUM**

Blowers appeals from his conviction of conspiracy (18 U.S.C. § 371), depredation of United States property (18 U.S.C. § 1361), injury to trees (18 U.S.C. § 1853), destruction of an archaeological resource (16 U.S.C. § 470ee), and trespass (43 C.F.R. § 2920.1–2). We have jurisdiction pursuant to 18 U.S.C. § 3231, and we affirm.

Blowers first argues that the government violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), when it failed to turn over evidence relating to the criminal history of one of its witnesses, Mark Anderson. We review the district court's denial of Blowers' motion for a new trial on this ground *de novo. See United States v. Ogles,* 406 F.3d 586, 591 (9th Cir.2005).

To prevail on his *Brady* claim, Blowers was required to show that the evidence relating to Mark Anderson (1) was "exculpatory or impeaching," (2) "should have been, but was not produced," and (3) "was material to his guilt or punishment." *Id.* Blowers' claim fails at the first step of this analysis. At the time of trial, the *only*

evidence in the government's possession relating to Anderson's criminal history was a single telephone call in which he expressed apprehension about returning to Arizona "because he had some outstanding/unpaid traffic tickets and there may be some pending warrants." The prosecutor correctly concluded that this information was neither exculpatory nor impeaching. In fact, Blowers does not seriously argue that this telephone call, standing alone, would have been relevant impeachment material. Instead, he rests his argument on the evidence of Anderson's criminal history and drug use that he was able to discover through independent investigation after the trial. None of this subsequently discovered information is relevant to our *Brady* analysis, however, because the government did not *possess* the information at the time of trial. *See Sanchez v. United States,* 50 F.3d 1448, 1453 (9th Cir.1995) ("The government has no obligation to produce information which it does not possess or of which it is unaware"). Furthermore, the prosecution did not violate *Brady* by failing to investigate Anderson's background. The government had numerous interactions with Anderson before the telephone call, none of which revealed any hint of his prior criminal activity or drug use. Against this backdrop, his mere mention of unpaid traffic tickets did not call for further investigation.

Blowers next argues that the district court erred in denying his motion to dismiss and his request for discovery on the issue of selective prosecution. We review the district court's denial for abuse of discretion. *See United States v. Arenas–Ortiz,* 339 F.3d 1066, 1069 (9th Cir.2003).

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To make out a successful claim of selective prosecution, Blowers was required to show that (1) "federal prosecutorial policy had a discriminatory effect" and (2) "it was motivated by a discriminatory purpose." *United States v. Armstrong,* 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (internal quotation marks and citation omitted). To prevail on a request for discovery on the issue of selective prosecution, Blowers was required to produce "some evidence tending to show the existence of the essential elements of the defense." *Id.* at 468, 116 S.Ct. 1480 (internal quotation marks and citation omitted). Blowers has not met this burden. His only argument with respect to discriminatory motive is that a Bureau of Land Management employee, Susan Bernal, orchestrated his prosecution in retaliation for his public opposition to a gun range. As the district court held, however, even after presenting "an enormous amount of testimony" to the magistrate judge, Blowers was not able to "produce one substantive source indicating that Bernal acted as Defendants allege." Furthermore, Blowers failed to provide any evidence of discriminatory effect, as all of the cases he cited involved facts materially different from those at hand.

■ Blowers also argues that he should have been allowed to cross-examine Bernal on his theory of selective prosecution at trial. We review the district court's decision to limit the scope of cross-examination for abuse of discretion. *United States v. Dees,* 34 F.3d 838, 843 (9th Cir.1994). Under Rule 403, the district court is free to exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Given Blowers' failure, during extensive pretrial hearings, to provide *any* evidence of selective prosecution, the district court did not abuse its discretion in concluding that it would be needlessly time-consuming and confusing to allow Blowers to pursue the issue further on cross-examination.

■ Next, Blowers argues that the district court erred when it denied his motion for acquittal on grounds of insufficient proof. We review the district court's decision *de novo. United States v. Garcia,* 497 F.3d 964, 966–67 (9th Cir.2007). The government presented evidence of hundreds of thousands of dollars of damage to government property. It tied this damage to the specific dates and locations in the indictment using (1) an invoice for grading equipment, (2) a flier advertising a party at Indian Kitchen Rock, and (3) testimony from various eyewitnesses. Viewing this evidence in a light most favorable to the prosecution, we conclude that "the jury reasonably could have found the defendant guilty beyond a reasonable doubt" on the 16 counts for which he was convicted. *Id.* at 967 (internal quotation marks and citation omitted).

Finally, Blowers argues that the district court erred when it instructed the jury on the depredation counts. Blowers did not object to the jury instruction at trial, so this court reviews for plain error. *See United States v. Tirouda,* 394 F.3d 683, 688 (9th Cir.2005). The indictment charged Blowers with "depredation against property of the United States, that is public lands, as well as the trees, plants, including cactus, and archeological resources." Blowers argues that because this language is phrased in the conjunctive, the government was required to present evidence that he damaged archeological resources, and therefore he should have been entitled to a jury instruction regarding his knowledge of archeological value.

The law is well-settled, however, that the government may charge a defendant in the conjunctive, and convict on any one of the conjunctively-charged acts. *See Griffin v. United States,* 502 U.S. 46, 50, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). Accordingly, the district court did not err, plainly or otherwise, when it instructed the jury on depredation.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.