UNITED STATES of America, Plaintiff–Appellee,

v.

Thanh Thea HAU, Defendant–Appellant.

No. 07–30491.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 23, 2009.*

Filed Jan. 30, 2009.

Helen J. Brunner, Esq., Sarah Y. Vogel, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jeffrey E. Ellis, Esq., Ellis Holmes & Witchley, PLLC, Seattle, WA, for Thanh Thea Hau.

Before: BEEZER, TALLMAN and M. SMITH, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Defendant–Appellant Thanh Thea Hau (Hau) appeals his sentence of seventy-two months in federal prison, which was imposed after he pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Hau first alleges that the district court erred by basing its sentencing decision on allegations regarding Hau's role in the conspiracy that were outside the presentence report or the public record. Under Federal Rule of Criminal Procedure 32(i)(1)(B), the court must provide the parties with any information outside the presentence report that the court will rely on in sentencing, so that the parties have a reasonable opportunity to comment on that information. Because Hau failed to object to the alleged use of outside information at sentencing, we review for plain error, which requires reversal only if Hau has been prejudiced as a result and the error " 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). In this case, however, there is no evidence that the district court did rely on facts outside the presentence report. Although the district court judge stated that he was familiar with Hau's co-defendants' cases because he presided over the multi-defendant prosecution of all mem-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bers of the drug-trafficking conspiracy, information regarding these cases was included in Hau's presentence report and there is no indication that the judge went outside that information in deciding Hau's sentence.

Hau next alleges that the district court erroneously applied a sentencing enhancement on the basis of a finding that Hau was a manager in the conspiracy, which finding made Hau ineligible for a safety valve sentencing reduction. We conclude that the district court appropriately found, by a preponderance of the evidence, that Hau acted as a manager or supervisor by making arrangements for receipt of marijuana and delivery of payment, as well as overseeing the distribution of marijuana throughout the Denver, Colorado area. Hau's claim that the district court could not so find without proof of control or organizational authority is without merit, as such proof is not required for the three-level "manager or supervisor" enhancement. *See United States v. Garcia,* 497 F.3d 964, 970 (9th Cir.2007) (ruling that the requirement of control is "precisely what distinguishes a leader or an organizer from a manager or supervisor" (quoting *United States v. Avila,* 95 F.3d 887, 890 n. 6 (9th Cir.1996))). Because the district court did not err in finding that Hau was a manager or supervisor, Hau is ineligible for the safety-valve reduction.

Finally, Hau argues that the district court imposed an unreasonable sentence in light of the facts of his case. We conclude that the district court did not abuse its discretion in imposing Hau's seventy-two month sentence, which amounted to a downward departure from the sentencing guidelines. The district court correctly noted that in addition to showing the mitigating factors submitted by Hau, the rec-

ord also showed that Hau had a high level of responsibility in the conspiracy. The court appropriately adjusted Hau's sentence accordingly.

AFFIRMED.