**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30012 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00111-MJP |
| v. | |
| EDWARD ASATOORIANS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 8, 2011[**]

Before:     FARRIS, LEAVY, and BYBEE, Circuit Judges.

Edward Asatoorians appeals from the 41-month sentence imposed following his jury-trial conviction for six counts of bank fraud, in violation of 18 U.S.C. § 1344.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Asatoorians contends that the district court erred in applying a four-level leadership role enhancement under Guidelines section 3B1.1(a). This contention fails because the record reflects that Asatoorians exercised considerable decision making authority in the scheme and exerted control or authority over at least one of the other participants in the bank fraud. *See* U.S.S.G. § 3B1.1(a); *United States v. Garcia*, 497 F.3d 964, 970 (9th Cir. 2007).

Asatoorians also suggests that the district court procedurally erred by failing to (1) adequately explain its sentence and address his statutory sentencing arguments; (2) treat the Guidelines as advisory; (3) consider the statutory sentencing factors, and (4) use the Guidelines range as a starting point without improperly presuming the reasonableness of a within-Guidelines sentence. These arguments fail because the record makes clear that the court considered the parties' arguments closely and, aware of its obligations under section 3553(a), selected a high-end sentence out of a particular concern for Asatoorians's demonstrated history of recidivism. The court's explanation was sufficient to permit meaningful appellate review of the sentence, and the court did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**