**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10219 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00217-PJH-1 |
| v. | |
| FRANK SALVADOR SOLORZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Defendant-Appellant Frank Solorza appeals his sentence following

convictions for conspiracy, in violation of 18 U.S.C. § 371, impersonation of a

federal officer, in violation of 18 U.S.C. § 912, and attempted extortion by a

federal officer, in violation of 18 U.S.C. § 872. The charges arose from Solorza's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

attempted extortion of his cousins, the Escatel family. He was sentenced to 36 months on each count with all terms to run concurrently.

On appeal, Solorza challenges only his sentence. We review the district court's interpretation of the Sentencing Guidelines de novo, and its findings of fact for clear error. *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008) (citing *United States v. Garcia*, 497 F.3d 964, 969 (9th Cir. 2007)).

Solorza first asserts that the district judge erred in applying the guideline corresponding to his offense of conviction because he is an atypical offender, and therefore the district judge should have selected a guideline more applicable to his offense conduct. We disagree. In selecting an appropriate guideline, the district court must determine the guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction, referring to the Statutory Index contained in Appendix A of the Guidelines. *United States v. McEnry*, 659 F.3d 893, 897 (9th Cir. 2011). To determine which section of Chapter Two contains the appropriate guideline, the district court must consider the crime of conviction as charged in the indictment, rather than the manner in which the defendant committed the offense. Offense conduct becomes relevant only once the applicable guideline has been selected, in applying enhancements or adjustments. *Id*. ("[A] district court may not use relevant conduct to select whatever guideline it wants; relevant conduct may be

considered only in the application of enhancements and adjustments once a guideline has been selected."). This is precisely the approach that the district judge followed in sentencing Solorza. Accordingly, the district judge did not err.[1]

Solorza next asserts that the district judge erred in applying the vulnerable victim enhancement to his sentence. Section 3A1.1(b)(1) provides for a two-level adjustment when "the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). Application Note 2 defines "vulnerable victim" as one who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* "A condition that occurs as a necessary prerequisite to the commission of a crime cannot constitute an enhancing factor under § 3A1.1. The vulnerability that triggers § 3A1.1 must be an 'unusual' vulnerability which is

---

[1]Solorza's reliance on excised language from the pre-2000 Sentencing Guidelines, which permitted the district court to consider the defendant's offense conduct in "atypical" cases, and cases relying on that language, is misplaced. *See McEnry*, 659 F.3d at 899 n.8 ("To the extent that some of our cases rely on the excised language (directly or indirectly) to suggest that relevant conduct may be used to select the appropriate guideline pursuant to U.S.S.G. § 1B1.2(a) and the Statutory Index, they have been superseded by th[e 2000] amendment[s to the Sentencing Guidelines].") (collecting cases).

present in only some victims of that type of crime." *United States v. Moree*, 897 F.2d 1329, 1335 (9th Cir. 1990).

Solorza asserts that the district judge erred in applying the enhancement because she cited to characteristics common among undocumented immigrants generally, rather than characteristics specific to the Escatels; because the characteristics that rendered the Escatels vulnerable are inherent in the crime of conviction; and, because the Escatels were in fact uniquely resistant to his scheme. Again, we disagree.

First, the district judge found the Escatels to be particularly vulnerable because of their status as undocumented immigrants *whose status was known to ICE*. This characteristic distinguishes them from undocumented immigrants generally, and made them particularly vulnerable to Solorza's scheme. *See United States v. Castaneda*, 239 F.3d 978, 981 n.4. (9th Cir. 2001) (noting that the vulnerable victim enhancement "does not . . . require that the victims be more vulnerable than the typical victims of the particular *scheme* or type of *scheme*.").

Second, the offense of conviction at issue here—namely, extortion by one impersonating a federal official—applies not just to those who pretend to be a federal immigration officer to get money from undocumented aliens, but also to anyone who extorts money by pretending to be a federal official. 18 U.S.C. § 912.

4

Because the statute of conviction applies broadly, not all the victims are vulnerable in the same way for the same reasons. *United States v. Mendoza*, 262 F.3d 957, 962 (9th Cir. 2001). Thus, even though Solorza's scheme targeted those with a unique vulnerability, it cannot be said that the offense of conviction necessarily presupposes that particular vulnerability. *See id.*

Finally, the fact that the Escatels chose to call ICE rather than to pay Solorza the bribes he demanded is immaterial. Solorza was aware of the Escatels' precarious legal status, as well as their past victimization by Bertina Frost, and reasonably anticipated that they would comply with his demands. *See United States v. Peters*, 962 F.2d 1410, 1418 (9th Cir. 1992).

For these reasons, Solorza's sentence is AFFIRMED.

5