**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30077 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00108-RRB |
| v. | |
| DAMIEN M. MINGARELLI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Damien M. Mingarelli appeals from the district court's judgment and

challenges the 80-month sentence imposed following his guilty-plea conviction for

conspiracy to launder proceeds of unlawful distribution of controlled substances, in

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1956(h). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mingarelli contends that the district court procedurally erred by failing to appreciate its discretion to vary downward from the Guidelines on policy grounds under *Kimbrough v. United States*, 552 U.S. 85 (2007). We review for plain error, *see United States v. Ayala-Nicanor*, 659 F.3d 744, 746-47 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1941 (2012), and find none. The record reflects that the district court recognized, but chose not to exercise, its *Kimbrough* discretion to vary from the Guidelines based on a reasonable policy disagreement with the Guidelines' treatment of Oxycodone. *See id*. at 752.

Mingarelli also contends that the district court clearly erred when it applied a four-level aggravating role enhancement under U.S.S.G. § 3B1.1(a). The record reflects that the district court did not clearly err when it determined that Mingarelli was an organizer or leader of a criminal activity that involved at least five participants. *See United States v. Garcia*, 497 F.3d 964, 970 (9th Cir. 2007) (a section 3B1.1(a) enhancement "does not require control over all of the five or more participants"); *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000) (district court may rely on evidence in presentence report when determining applicability of section 3B1.1(a)).

**AFFIRMED.**

12-30077