**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30165 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05407-RBL-2 |
| v. | |
| UTE CHRISTINE JARLIK BELL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted August 28, 2014
Seattle, Washington

Before:  HAWKINS, GRABER, and GOULD, Circuit Judges.

Defendant Ute Christine Jarlik Bell appeals from her jury conviction for

making false, fictitious, and fraudulent claims to the United States Treasury under

18 U.S.C. § 287.

1.  Defendant first contends that the district court erred in admitting evidence

of two traffic stops, arguing that the evidence is not relevant to prove knowledge

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and that it does not satisfy the requirements of Rule 404(b). We review the district court's decision for plain error because Defendant did not object before the district court. *United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011) (en banc). Evidence of prior acts is inadmissible to prove character, but is admissible to prove knowledge. Fed. R. Evid. 404(b)(1)–(2).

Relevancy requires only that the evidence have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). The first traffic stop, where Defendant handed Officer Flohr a blank Form 1099-OID to pay her traffic ticket, is relevant to show her knowledge of the Form 1099-OID scheme. The second traffic stop, where Defendant refused to recognize the authority of Officer Flohr and identified herself as a "Peace Officer County Ranger" on "Official Duty," was relevant to show her awareness of her husband's philosophy of being "a sovereign citizen," which was the underpinning for the Form 1099-OID scheme.[1]

2. Defendant next contends that, even if the evidence of the traffic stops was admissible under Rule 404(b), the district court should have excluded the evidence as unfairly prejudicial under Rule 403. We disagree. The district court instructed

---

[1] Even if the district court erred in admitting evidence of the second traffic stop, which did not bear directly on the Form 1099-OID scheme, any error is harmless.

the jury to consider evidence of the traffic stops "only for its bearing, if any, on the question of [Defendant's] intent, knowledge, plan, and absence of mistake or accident and for no other purpose," and Defendant points to no evidence that the jury disregarded the district court's instructions. "Jurors are presumed to follow the court's instructions." *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011). The evidence does not seem so prejudicial to overcome this presumption. We conclude that the evidence was properly admitted.

3. We review de novo Defendant's challenge to the sufficiency of the evidence of her knowledge of the tax returns' falsity, because she preserved it through a Rule 29 motion in the district court. *United States v. Garcia*, 497 F.3d 964, 966–67 (9th Cir. 2007). We examine the sufficiency of evidence in the light most favorable to the prosecution, and then determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc).

Defendant signed all four false tax returns. She had, before her marriage, submitted a tax return with a payment of about $3,000 in income tax, from which the jury could infer that she knew of her obligation to pay income tax. By contrast, the 2004 return reported income of $812 but claimed a $36,395 tax refund, and the

3

2007 return reported income of $13,240 but claimed a $112,069 tax refund. A reasonable trier of fact could infer that she knew that these returns were false or fraudulent. The amended 2007 return and the 2008 return were filed three months after the IRS sent Defendant a letter informing her that the Form 1099-OID scheme was frivolous. A copy of the letter was found in Defendant's residence, and the jury could infer that she was aware of the content of the letter.

**AFFIRMED.**

*United States v. Ute Christine Jarlik-Bell*, No. 13-30165

GOULD, Circuit Judge, concurring in part, dissenting in part:

I concur in the majority's paragraph 3 of the memorandum disposition holding that the government has presented sufficient evidence to show that Jarlik-Bell knew the tax returns to be false or fraudulent.  But I dissent from the majority's conclusion in paragraphs 1–2 of the memorandum disposition that the district court properly admitted evidence of Jarlik-Bell's two traffic stops.  I would reverse the district court on this issue.

Evidence of prior crimes or actions "must be narrowly circumscribed and limited" and "may not be introduced unless the government establishes its relevance to an actual issue in the case."  *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985).  I do not see how the two traffic stops are relevant to prove Jarlik-Bell's knowledge that the tax returns were false or fraudulent.  The first traffic stop, where Jarlik-Bell handed Officer Flohr a blank Form 1099-OID, showed her knowledge about the form itself, not her knowledge that its use in connection with her joint tax return with Raymond Bell was part of a fraudulent scheme to evade taxes and gain fraudulent refunds.  The second traffic stop, where Jarlik-Bell refused to recognize the authority of Officer Flohr and identified herself as a "Peace Officer County Ranger"on "Official Duty," may show her philosophy

1

of being a sovereign citizen, but it has no relevance to her knowledge that the tax returns were false or fraudulent.

As explained, I see no relevance of the statements that Jarlik-Bell made during traffic stops. But even assuming that there was some probative value to the statements she made during the traffic stops, that assumed relevance is substantially outweighed by the danger of unfair prejudice to Jarlik-Bell from introducing that evidence. Fed. R. Evid. 403; *United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir. 1982). Evidence of what she said during the traffic stops likely distracted the jury's attention from her charged crime of tax fraud, shifting the focus to her erratic behavior and disrespect for law enforcement. The jury may have drawn a negative inference on Jarlik-Bell's character as disrespectful of the law, and that is an important part of what Rule 404(b) tries to prevent. Evidence of the traffic stops "makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Id.* at 1111. The district court in my view should have excluded this evidence of what Jarlik-Bell said to police during the stops, and admitting this evidence was an abuse of discretion.

I would reverse the district court on this issue because the error was not

harmless. We reverse nonconstitutional errors in admitting evidence "if it is more probable than not that the erroneous admission of the evidence materially affected the jurors' verdict." *United States v. Awkard*, 597 F.2d 667, 671 (9th Cir. 1979). The key factual dispute before the jury is whether Jarlik-Bell knew that the tax returns were false or fraudulent when she signed them. The government has no direct evidence and contends that "the jury could infer she knew the claimed refunds were fraudulent" because Jarlik-Bell signed the tax returns, her income and claimed tax refunds were significantly disproportionate, and she had paid taxes before.[1] Jarlik-Bell's erratic behavior and disrespect for law enforcement, albeit irrelevant to her knowledge, may be highly damaging to her character in the eyes of the jury. The jury's inference on Jarlik-Bell's knowledge about the falsity of the tax returns may well have been influenced by its negative inference on her character. It is more probable than not that a rational juror was materially influenced by seeing evidence about the traffic stops, despite the district court's instruction that the jury should consider the evidence only for its bearing. The district court's admission of the traffic stops should be reversed.

---

[1] Although the evidence supporting Jarlik-Bell's conviction is thin, I agree with the majority that viewing the evidence in the light most favorable to the government, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a rational juror could have found Jarlik-Bell guilty.