MEMORANDUM *
Defendant Ute Christine Jarlik Bell appeals from her jury conviction for making false, fictitious, and fraudulent claims to the United States Treasury under 18 U.S.C. § 28,7.
1. Defendant first contends that the district court erred in admitting evidence of two traffic stops, arguing that the evidence is not relevant to prove knowledge and that it does not satisfy the require *553 ments of Rule 404(b). We review the district court’s decision for plain error because Defendant did not object before the district court. United States v. Begay, 673 F.3d 1038, 1046 (9th Cir.2011) (en banc). Evidence of prior acts is inadmissible to prove character, but is admissible to prove knowledge. Fed.R.Evid. 404(b)(l)-(2).
Relevancy requires only that the evidence have “any tendency to make a fact more or less probable than it would be without the evidence.” Fed.R.Evid. 401(a). The first traffic stop, where Defendant handed Officer Flohr a blank Form 1099-OID to pay her traffic ticket, is relevant to show her knowledge of the Form 1099-OID scheme. The second traffic stop, where Defendant refused to recognize the authority of Officer Flohr and identified herself as a “Peace Officer County Ranger” on “Official Duty,” was relevant to show her awareness of her husband’s philosophy of being “a sovereign citizen,” which was the underpinning for the Form 1099-OID scheme.[1]
2. Defendant next contends that, even if the evidence of the traffic stops was admissible under Rule 404(b), the district court should have excluded the evidence as unfairly prejudicial under Rule 403. We disagree. The district court instructed the jury to consider evidence of the traffic stops “only for its bearing, if any, on the question of [Defendant’s] intent, knowledge, plan, and absence of mistake or accident and for no other purpose,” and Defendant points to no evidence that the jury disregarded the district court’s instructions. “Jurors are presumed to follow the court’s instructions.” United States v. Reyes, 660 F.3d 454, 468 (9th Cir.2011). The evidence does not seem so prejudicial to overcome this presumption. We con-elude that the evidence was properly admitted.
3. We review de novo Defendant’s challenge to the sufficiency of the evidence of her knowledge of the tax returns’ falsity, because she preserved it through a Rule 29 motion in the district court. United States v. Garcia, 497 F.3d 964, 966-67 (9th Cir.2007). We examine the sufficiency of evidence in the light most favorable to the prosecution, and then determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Nevils, 598 F.3d 1158, 1167 (9th Cir.2010) (en banc).
Defendant signed all four false tax returns. She had, before her marriage, submitted a tax return with a payment of about $3,000 in income tax, from which the jury could infer that she knew of her obligation to pay income tax. By contrast, the 2004 return reported income of $812 but claimed a $36,395 tax refund, and the 2007 return reported income of $13,240 but claimed a $112,069 tax refund, reasonable trier of fact could infer that she knew that these returns were false or fraudulent. The amended 2007 return and the 200e return were filed three months after the IRS sent Defendant a letter informing her that the Form 1099-OID scheme was frivolous. copy of the letter was found in Defendant’s residence, and the jury could infer that she was aware of the content of the letter.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Even if the district court erred in admitting evidence of the second traffic stop, which did not bear directly on the Form 1099-OID scheme, any error is harmless.