**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30183 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00073-SPW |
| v. | |
| MERRILL CLARK GARDNER, a.k.a. Clark Gardner, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Merrill Clark Gardner appeals from the district court's judgment and challenges the 183-month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Gardner contends that the district court erred by applying a four-level aggravating role enhancement under U.S.S.G. § 3B1.1(a).  We review the district court's factual findings for clear error and its application of the Guidelines to the facts for abuse of discretion.  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).  The district court did not abuse its discretion when it concluded, based on the undisputed facts in the presentence report and the testimony of Special Agent Robert Grayson, that Gardner acted as a leader or organizer of the conspiracy within the meaning of section 3B1.1(a).  *See United States v. Rivera*, 527 F.3d 891, 908-09 (9th Cir. 2008) (enhancement supported where evidence established that defendant exercised control over others and "exercised decision making authority in the procurement and distribution of narcotics"); *see also United States v. Garcia*, 497 F.3d 964, 970 (9th Cir. 2007) (enhancement "does not require control over all of the five or more participants").

**AFFIRMED.**