**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DEARON WALTON, AKA Hopout, AKA Mitch,<br><br>Defendant-Appellant. | No.    18-30005<br><br>D.C. No.<br>3:15-cr-00101-TMB-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted December 5, 2018[**]
Seattle, Washington

Before:  GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Dearon Walton appeals his conviction and 30-month sentence for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Walton challenges the sufficiency of the evidence, arguing that "the government presented [in]sufficient evidence that [he] possessed the intent to '*promote and conceal*'" any illegal activity. Taking all evidence in the light most favorable to the government, we must determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Garcia*, 497 F.3d 964, 966–67 (9th Cir. 2007).

Here, Walton used a method typically employed by money launderers to conceal the source of funds; he made three deposits totaling $5,900 to three separate bank branches in Alaska. *See United States v. Tekle*, 329 F.3d 1108, 1114 (9th Cir. 2003). Walton's significant other quickly withdrew the bulk of these funds in California. Walton frequented the stash house of admitted drug traffickers, was in their car when the police seized approximately $13,000 ($5,975 of which was in Walton's bag), and accompanied Isaiah Holloway, a member of the drug conspiracy, to withdraw $6,000 in cash. From this evidence, a rational juror could find beyond a reasonable doubt that Walton knowingly participated in a conspiracy to launder drug proceeds with the intent to accomplish the conspiracy's object.

Alternatively, Walton argues the district court erred by attributing to him at sentencing the $6,000 laundered by Holloway. Attribution was proper if this withdrawal was "within the scope of the jointly undertaken criminal activity, in

2

furtherance of that criminal activity, and reasonably foreseeable." U.S.S.G. § 1B1.3(a)(1)(B) cmt. n.4(C). Because this issue involves an application of the Guidelines to the facts, we review for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The district court did not abuse its discretion in concluding the standard for attribution had been met. Walton was convicted of conspiring with Holloway to launder money and was present when Holloway withdrew the $6,000. Walton's close connection with the drug conspiracy, in conjunction with his own transfer of a similar amount from Alaska to California, supports the inference that the $6,000 withdrawal was a reasonably foreseeable act in furtherance of the conspiracy to launder money.

**AFFIRMED.**