NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10200 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00019-LEK-1 |
| v. | |
| CORINNE ARAKAWA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Corinne Arakawa appeals from the district court's judgment and challenges

the 108-month sentence imposed following her guilty-plea conviction for

conspiracy to distribute and possess with intent to distribute methamphetamine,

possession of methamphetamine with intent to distribute, and attempted

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arakawa contends that the district court erred by applying an aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(a). We review the district court's factual findings for clear error and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The undisputed record reflects that Arakawa procured the narcotics involved in the conspiracy, sold those narcotics to other co-conspirators at a profit, and encouraged her co-conspirators to coordinate prices for distribution. Contrary to Arakawa's argument, this evidence shows that she was more than a source of supply, and it supports the district court's conclusion that she acted as an organizer or leader of the criminal conspiracy. *See* U.S.S.G. § 3B1.1 cmt. n.4; *United States v. Rivera*, 527 F.3d 891, 9009 (9th Cir. 2008) (enhancement supported where evidence established that defendant "exercised decision making authority in the procurement and distribution of narcotics"); *United States v. Garcia*, 497 F.3d 964, 969-70 (9th Cir. 2007) (section 3B1.1(a) enhancement is supported where the evidence shows that the defendant exercised some degree of control or organizational authority).

**AFFIRMED.**

19-10200