NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-10447 |
| Plaintiff-Appellee, | D.C. No.
2:14-cr-00083-JAM-4 |
| v. | |
| RUSLAN KIRILYUK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted June 18, 2021
San Francisco, California

Before:  BRESS and BUMATAY, Circuit Judges, and RAYES,** District Judge.

Ruslan Kirilyuk was convicted of wire fraud, mail fraud, aggravated identity theft, and failure to appear, all stemming from his participation in a fraud scheme that took place between 2011 and 2014.  At sentencing, the district court imposed a total sentence of 324 months imprisonment for his convictions.  On appeal, Kirilyuk

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

claims that the district court committed several errors related to his sentence, including (1) imposing a two-level enhancement for an offense involving ten or more victims; (2) applying a four-level enhancement for an aggravated role; (3) inadequately explaining his sentence under 18 U.S.C. § 3553; and (4) failing to comply with Federal Rule of Criminal Procedure 32. We have jurisdiction under 28 U.S.C. § 1291 and reject Kirilyuk's first two claims and decline to reach the last two because we are ordering that Kirilyuk should be resentenced.[1]

1.      The district court did not abuse its discretion when it imposed a two-level sentence enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) for Kirilyuk's commission of a crime involving ten or more victims. The PSR recommended this enhancement based on the 119,913 victims whose American Express accounts were used and the 222 students whose transcripts were stolen. Kirilyuk, however, claims that the evidence establishes that there were only two victims—Chase Bank and American Express—because accountholders were reimbursed and the students' losses aren't measurable in money.

Section 2B1.1(b)(2)(A)(i) provides for a two-level increase "[i]f the offense involved 10 or more victims." An application note to that section defines "victim" as including, *inter alia*, "any individual whose means of identification was used

---

[1] In a concurrently filed opinion, we address Kirilyuk's remaining arguments regarding other sentencing errors. In that opinion, we vacate his sentence and remand.

unlawfully or without authority." U.S.S.G. § 2B1.1 cmt. n.4(E)(ii). The Guidelines incorporate the definition of "means of identification" from 8 U.S.C. § 1028(d)(7). U.S.S.G. § 2B1.1 cmt. n.1. That provision defines "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." 18 U.S.C. § 1028(d)(7). Both credit card numbers and the information stolen from the students, such as social security numbers, are "means of identification." *See, e.g.*, *United States v. Melendrez*, 389 F.3d 829, 835 (9th Cir. 2004). Thus, the credit card accountholders and students fit within the Guidelines' definition of victims.

2. The district court did not abuse its discretion when it imposed a four-level enhancement for Kirilyuk's aggravated role under U.S.S.G § 3B1.1(a). Section 3B1.1(a) provides for four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." "The factors to be considered when determining whether a defendant was an organizer or leader include: the exercise of decisionmaking authority, the nature of the offense and the defendant's participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others." *United States v. Ponce*, 51 F.3d 820, 827 (9th Cir. 1995) (citing U.S.S.G. § 3B1.1, cmt. n.4).

The record contains ample evidence to support the enhancement. For

example, Kirilyuk received more of the fraud proceeds than others at times, was involved in recruiting others, and once described himself as someone who "organize[s] the work." *Cf. United States v. Garcia*, 497 F.3d 964, 969–70 (9th Cir. 2007) (holding the enhancement was supported where the evidence showed that the defendant exercised "some degree of control or organizational authority" (simplified)).

3.     We do not reach Kirilyuk's claims that the district court failed to adequately explain his sentence under 18 U.S.C. § 3553 and violated Federal Rule of Criminal Procedure 32 by making insufficient factual findings addressing some of his objections to his PSR. Because we remand for resentencing in accord with our published opinion, the district court will have a new opportunity to provide an explanation for the sentence it reimposes. *See* 18 U.S.C. § 3553(c).

**AFFIRMED** in part and **VACATED** and **REMANDED** as set forth in the concurrently filed published opinion.