**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

WILLIAM G. PARISEAU,
            *Defendant-Appellant.*

No. 10-30237

D.C. No.
3:09-cr-00087-
RRB-1

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted
June 25, 2012—Anchorage, Alaska

Filed July 16, 2012

Before: Alfred T. Goodwin, William A. Fletcher, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Goodwin

---

**COUNSEL**

Colleen A. Libbey, Libbey Law Offices LLC, Anchorage, Alaska; Sue Ellen Tatter, Assistant Federal Public Defender, Anchorage, Alaska, for the defendant-appellant.

James N. Barkeley, Kelly Cavanaugh, Assistant United States Attorneys, Anchorage, Alaska, for the plaintiff-appellee.

---

**OPINION**

GOODWIN, Circuit Judge:

William Pariseau appeals his conviction on a single count of attempted possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). The district court denied Pariseau's motion to suppress evidence of the drugs that were discovered strapped to his legs when he exited a plane in the Seattle airport. The district court also denied Pariseau's motion, raised orally, challenging venue in the District of Alaska.

Pariseau asserts two errors: (1) that his Fourth Amendment rights were violated because he did not consent to the airport search, and (2) that venue was improper in Alaska because he was arrested in Seattle and should have been tried there.

**[1]** We find no error and affirm the judgment. Pariseau voluntarily consented to the search. After the arresting officer explained that he would be detained while they sought a warrant to search him, he said, "You may as well just search me now."

**[2]** Venue in Alaska was consistent with federal venue law because Pariseau's crime was a continuing offense with substantial steps taken in Alaska toward completion of the offense. No reported cases from this circuit have addressed a venue challenge to a conviction for attempt under 21 U.S.C. § 841. Two cases from other circuits have addressed this issue directly: *United States v. Muhammad*, 502 F.3d 646 (7th Cir. 2007) and *United States v. Zidell*, 323 F.3d 412 (6th Cir. 2003). Both cases affirmed venue on the principle that possession with intent to distribute is a continuing crime. *See Muhammad*, 502 F.3d at 653; *Zidell*, 323 F.3d at 422. With respect to a continuing crime, venue is proper in any district where the crime began, continued, or was completed. *See* 18 U.S.C. § 3237(a).

**[3]** A conviction for attempt requires the government to prove that Pariseau had culpable intent and that he engaged in conduct constituting a substantial step toward commission of the crime that represents the culmination of that intent. *United States v. Buffington*, 815 F.2d 1292, 1301 (9th Cir. 1987). This case involves attempted possession, as opposed to the substantive crime of possession. Therefore, our venue analysis focuses on where Pariseau's attempt to possess the methamphetamine began, not on where his actual possession began.

**[4]** Pariseau took several substantial steps in Alaska toward commission of the charged offense. Pariseau's girlfriend testified about Pariseau's previous trips from Alaska to Arizona to obtain methamphetamine and that he used the same method—strapping the drugs to his legs with ACE bandages—to evade detection on those trips. She testified

about seeing Pariseau with methamphetamine in Alaska and witnessing a telephone call wherein Pariseau agreed to go to Arizona on the trip that resulted in his arrest. Pariseau's connection to Alaska is well established. He lived in Alaska, he conducted several prior, similar trips to bring methamphetamine back to Alaska, and he was on his way back to Alaska with two pounds of methamphetamine strapped to his legs when he was arrested.

**[5]** In determining what substantial steps were taken toward committing the substantive crime, "the finder of fact may give weight to that which has already been done as well as that which remains to be accomplished," because that prior conduct may "be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate [the underlying] statute." *United States v. Scott*, 767 F.2d 1308, 1312 (9th Cir. 1985) (quoting *United States v. Manley*, 632 F.2d 978, 987-88 (2d Cir. 1980); *see also Zidell*, 323 F.3d at 423. Evidence of prior drug-related conduct supports a determination that Pariseau had in this instance undertaken substantial steps toward his intent to distribute the methamphetamine in Alaska. Consequently, Pariseau's venue challenge fails.

## Conclusion

The district court did not clearly err in finding under the totality of the circumstances that Pariseau voluntarily consented to the airport search that resulted in discovery of the methamphetamine. Pariseau gave verbal consent that was not the result of threats or coercion. He was also informed that he could refuse consent and wait for a search warrant and that it was not certain whether the search warrant would be issued. Furthermore, venue was proper in Alaska because possession with intent to distribute methamphetamine is a continuing offense, and Pariseau took substantial steps in Alaska in pursuit of that offense.

The judgment is AFFIRMED.