**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30132 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00006-JDS-1 |
| v. | |
| LARRY JOHN DAUENHAUER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Submitted July 9, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Larry Dauenhauer appeals his jury conviction and sentence of life

imprisonment for possession with intent to distribute methamphetamine in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. We review de novo a district court's denial of a motion to dismiss an indictment for insufficiently stating an offense. *United States v. Sutcliffe*, 505 F.3d 944, 961 (9th Cir. 2007). Here, the indictment was sufficient. The indictment provided an estimated beginning date for the alleged criminal conduct and a specific end date—the date of the indictment. *See United States v. Forrester*, 616 F.3d 929, 940-41 (9th Cir. 2010). The indictment also did not include any duplicitous counts, but rather charged Dauenhauer with committing a continuing offense. *See United States v. Pariseau*, 685 F.3d 1129, 1130 (9th Cir. 2012).

2. We review a district court's decision regarding the scope and specificity of a bill of particulars for abuse of discretion. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Here, the district court did not abuse its discretion in denying Dauenhauer's motion for a bill of particulars because Dauenhauer was adequately advised of the charges by the indictment and the government's disclosures. *See id.*

3. We review de novo whether the government established a *prima facie* showing of conspiracy needed to admit co-conspirator statements. *United States v. Smith*, 893 F.2d 1573, 1577 (9th Cir. 1990). Even assuming Dauenhauer did not

waive this argument in his opening brief, Dauenhauer's argument that hearsay statements were improperly admitted under the co-conspirator exception fails. Before any hearsay statements by Linda Selph were admitted, the government established by a preponderance of the evidence that there was a conspiracy involving Dauenhauer and Selph. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also* Fed. R. Evid. 801(d)(2)(E).

**4.** We review a district court's limitation on the scope of cross examination at trial for abuse of discretion. *United States v. Wellington*, 754 F.2d 1457, 1468 (9th Cir. 1985). The district court did not abuse its discretion in limiting defense counsel's impeachment of Selph after defense counsel had already impeached Selph's credibility with a prior felony. *See Lewy v. S. Pac. Transp. Co.*, 799 F.2d 1281, 1298 (9th Cir. 1986) ("As long as a jury is provided sufficient information overall to appraise the bias and motives of a witness, we have generally not found the trial court to have abused its discretion." (citation and internal quotation marks omitted)).

**5.** We review de novo whether jury instructions adequately presented the defendant's theory of the case. *United States v. Meredith*, 685 F.3d 814, 819 (9th Cir. 2012). We review for abuse of discretion a district court's determination that a factual foundation does not exist to support a jury instruction. *United States v.*

*Castellanos-Garcia*, 270 F.3d 773, 775 (9th Cir. 2001). The district court did not abuse its discretion in refusing to instruct the jury on partial alibi. Dauenhauer's trips to California provided no partial alibi, because Dauenhauer could still possess methamphetamine with intent to distribute while occasionally leaving Billings to travel to California. The district court also did not abuse its discretion in refusing to provide a lesser offense instruction because Dauenhauer admitted to sharing methamphetamine with two of the government witnesses, and therefore admitted to distributing methamphetamine. *See Schmuck v. United States*, 489 U.S. 705, 716 n.8 (1989); *see also United States v. Ramirez*, 608 F.2d 1261, 1264 (9th Cir. 1979) (finding that defendant "distributed" cocaine under § 841(a)(1) by sharing cocaine with two friends).

**6.** We review a district court's response to a jury question for abuse of discretion. *United States v. Ramirez*, 537 F.3d 1075, 1081 (9th Cir. 2008). Here, the district court did not abuse its discretion by refusing to answer the jury's question whether sharing methamphetamine socially was possession with intent to distribute. The district court referred the jury back to the original instructions, which were adequate. *See Arizona v. Johnson*, 351 F.3d 988, 995 (9th Cir. 2003).

**7.** We review the denial of a Rule 29 motion for judgment of acquittal de novo. *See United States v. Lequire*, 672 F.3d 724, 728 (9th Cir. 2012). Construing

the evidence in the light most favorable to the prosecution, we will reverse a conviction for insufficient evidence if no rational trier of fact could have found the elements of a crime beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). Dauenhauer admitted to sharing methamphetamine with two government witnesses; eight witnesses testified regarding their personal knowledge of Dauenhauer's possession and distribution of methamphetamine; and methampethamine and related paraphernalia were found at Dauenhauer's house. Dauenhauer's conviction was supported by sufficient evidence, and the Rule 29 motion was properly denied.

**8.** We review a district court's formulation of the sentencing guidelines de novo, but a district court's application of the guidelines to a set of facts for abuse of discretion. *United States v. Denton*, 611 F.3d 646, 650 (9th Cir. 2010). First, the jury's acquittal on Count Three and the rejection of the gun forfeiture claim did not prevent the district court from applying the firearm enhancement pursuant to United States Sentencing Guidelines § 2D1.1. *See United States v. Watts*, 519 U.S. 148, 157 (1997) ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."). Based on the evidence at trial, the district court did not abuse its discretion in concluding that

5

Dauenhauer possessed weapons and that it was not clearly improbable that those weapons were connected with methamphetamine distribution. *See* United States Sentencing Guidelines Manual § 2D1.1 cmt. n.3.

Second, the district court did not abuse its discretion by applying the leader or organizer enhancement under Guidelines § 3B1.1. The evidence at trial showed that Dauenhauer sold large quantities of drugs to more than five individuals, who then sold those drugs to others; Dauenhauer set the prices of the drugs; and Dauenhauer claimed the largest share of the proceeds. *See United States v. Garcia*, 497 F.3d 964, 970 (9th Cir. 2007) (finding that where defendant set the price of methamphetamine and threatened buyers to secure payment, the defendant exercised a degree of control over buyers and the leader or organizer enhancement was appropriate).

Third, the district court did not abuse its discretion in setting the base offense level at 38. As the presentence report indicated, based on the evidence at trial, 17 kilograms was a fair estimate for the total amount of drugs that Dauenhauer sold. According to the Federal Sentencing Guidelines' Drug Quantity Table, a base offense level of 38 is appropriate for possession with intent to distribute offenses involving 15 kilograms or more of methamphetamine. United States Sentencing Guidelines § 2D1.1(c)(1).

Finally, there was no *Apprendi* error in this case. The maximum sentence based on the jury's finding that Dauenhauer possessed at least 500 grams of methamphetamine or 50 grams of actual methamphetamine was a term of life imprisonment, 21 U.S.C. § 841(b)(1)(A)(viii), and Dauenhauer was sentenced to life imprisonment.

**AFFIRMED.**