**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DALIANG GUO, AKA David Guo,<br><br>Defendant-Appellant. | No.  19-50215<br><br>D.C. No.<br>2:15-cr-00475-DSF-4<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 14, 2021
Pasadena, California

Before:  PAEZ and VANDYKE, Circuit Judges, and KORMAN,[**] District Judge.

Daliang Guo ("Guo") appeals his conviction for one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and nine counts of wire fraud in violation of 18 U.S.C. § 1343, stemming from his role as an investor and promoter in a multi-level marketing company, Cyber Kids Best ("CKB").  Although CKB

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

advertised itself as an educational company, it sold its educational games only in conjunction with an "investment" in the company. Guo and his co-defendants falsely promised investors that the company would go public and enrich all who had invested in the company. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.** Guo argues that his conviction for conspiracy, Count One, and six of the wire fraud convictions, Counts Three, Six, Seven, Nine, Eleven, and Twelve, for which the government relied on co-conspirator liability, are not supported by sufficient evidence of an agreement during the relevant time period. When reviewing a challenge to a conviction for insufficiency of the evidence, we first view the evidence "in the light most favorable to the prosecution," *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc), which includes "draw[ing] all reasonable inferences favorable to the government," *United States v. Tabacca*, 924 F.2d 906, 910 (9th Cir. 1991). Second, we must "determine whether th[e] evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Nevils*, 598 F.3d at 1164 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

"Mere association and activity with a conspirator" is insufficient to prove the existence of a conspiracy, *United States v. Espinoza-Valdez*, 889 F.3d 654, 657

2

(9th Cir. 2018) (quoting *United States v. Lapier*, 796 F.3d 1090, 1095 (9th Cir. 2015)), but "[a] tacit agreement may be inferred from the conspirators' conduct as well as other circumstantial evidence," such as "a common motive, joint action in pursuit of a common objective, and a coordinated cover-up," *United States v. Gonzalez*, 906 F.3d 784, 792 (9th Cir. 2018). To rely on co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640 (1946), a co-conspirator must have committed the substantive offense while the defendant was a member of the conspiracy. *See United States v. Garcia*, 497 F.3d 964, 967 (9th Cir. 2007).

The government presented evidence of a tacit agreement by the time of the six challenged substantive offenses. All the named co-conspirators were Guo's downlines, and Guo and his downlines had a common motive to recruit new investors, as Guo received a commission on each of the sales made by his downlines. Guo coached his downlines on tactics to recruit new investors, and several of his co-conspirators (along with Guo) would arrange and present at events together to promote the company to prospective investors. Guo and the others attempted to cover-up their actions once the Securities and Exchange Commission began investigating CKB. In light of this evidence, a reasonable trier of fact could have found that Guo was a member of the conspiracy at the time of the substantive offenses. *See Nevils*, 598 F.3d at 1164.

**2.** Additionally, Guo argues there was insufficient evidence that the wire

3

transfer at issue in Count Three—concerning a $47,000 wire transfer from Kiki Lin to a CKB account in Hong Kong—was made in furtherance of the conspiracy. To rely on a theory of *Pinkerton* liability, the government had to prove that the substantive offense was in furtherance of the conspiracy. *Garcia*, 497 F.3d at 967.

A rational finder of fact could have reasonably inferred that Lin transferred the money in furtherance of the conspiracy. Other co-conspirators testified that CKB promoters took money from new investors and purchased "business packs" for $1,380—CKB's base-level investment product—on their behalf, rather than having investors purchase them directly from CKB. Some of the deposits made to Lin's account prior to the transfer matched the cost of a business pack, or a multiple of that amount. And Lin was a major promoter, operating a pyramid that netted $37 million.

**3.** Guo argues that the district court erroneously instructed the jury on *Pinkerton*'s requirement that a defendant be a member of the conspiracy at the time the substantive offense was committed by modifying the text from Ninth Circuit Model Jury Instruction 8.25 (2010 ed.). We review for plain error, as Guo failed to object on this ground.[1] *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152

---

[1] At the district court, Guo objected to giving both *Pinkerton* and aiding and abetting instructions, arguing that allowing jurors to consider both theories of liability could result in a non-unanimous verdict in violation of the Sixth Amendment. Guo did not challenge the content of the *Pinkerton* instruction.

4

(9th Cir. 2012). Specifically, Guo argues that the revised instruction eased the government's burden, as it allowed the government to only prove that he was a member of the conspiracy at the time any single one of the substantive offenses was committed, and not necessarily at the time of the substantive offense forming the basis for the specified count. But as Guo acknowledges, the revised instruction could also be read to require that Guo be a member of the conspiracy at the time of all substantive offenses in order to be convicted on any one of the counts. Because any error was not "clear or obvious" and instead "subject to reasonable dispute," *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)), this claim does not survive plain error review.

**4.** Guo argues that the district court abused its discretion in excluding a statement made by co-defendant Toni Chen when she was arrested. Chen exclaimed to the arresting agent that Howard Shern, CKB's co-founder, should be arrested instead of her. Non-constitutional evidentiary error is subject to harmless error review, *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005), and here any error is harmless because "it is more probable than not that the error did not materially affect the verdict," *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002) (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)). Other evidence established that Shern was at the top of the CKB pyramid, and Shern's high level of culpability did not lessen Guo's own

5

role in the scheme.

**5.** Finally, Guo argues that the district court erred in imposing a four-level organizer/leader enhancement pursuant to Sentencing Guidelines § 3B1.1. We review for abuse of discretion the district court's application of a Sentencing Guidelines provision to the facts of a case. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Application of a four-level enhancement under § 3B1.1 requires "some degree of control or organizational authority over others." *United States v. Avila*, 95 F.3d 887, 890 (9th Cir. 1996) (quoting *United States v. Mares-Molina*, 913 F.2d 770, 773 (9th Cir. 1990)). Although Guo did not have formal control over his downlines, the district court did not abuse its discretion in applying the enhancement because Guo exercised significant organizational authority within his pyramid.

**AFFIRMED.**